UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-60585-CIV-DIMITROULEAS

NET MANAGEMENT SERVICES,

    Plaintiff,

vs.

PERFECT 10, INC. and DOES 1-10,

    Defendants.

_____/



FILED by _____ D.C.

OCT 11 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

THIS CAUSE is before the Court upon Defendant Perfect 10, Inc.'s Motion to Dismiss, Transfer or Stay Plaintiff's Complaint for Declaratory Relief [DE 11], filed herein on June 7, 2002. The Court has carefully considered the motion, response, reply, affidavits and exhibits, and for the reasons stated below the Court will grant Defendant's Motion to Transfer this action to the Central District of Californian.

### I. BACKGROUND

Plaintiff Net Management Services is a Nevis limited liability company, with its principal business offices in Fort Lauderdale, Florida. Net Management Services ("NMS") manages and markets a network of adult entertainment web sites. Complaint at ¶ 3-6. Defendant Perfect 10, Inc. ("Perfect 10") is a California corporation with its principal place of business in Los Angeles, California. Perfect 10 is the publisher of an adult entertainment magazine and website doing business under the registered trademark "Perfect 10," has obtained registered copyrights in its photographic works, and owns rights of publicity for its "Perfect 10" models. Defendant's Motion to Dismiss at 3.

On April 9, 2002, Defendant Perfect 10 sent a cease and desist letter to NMS describing alleged violations by NMS of Perfect 10's copyrights and trademarks on NMS managed



websites, accusing NMS of unfair competition , and demanding that NMS cease all infringing activity. The letter concluded by demanding that NMS contact Perfect 10 "no later than April 29, 2002 to confirm the NMS [b]usinesses' willingness to remedy the illegal conduct." Perfect 10 also stated that it would "take whatever steps are necessary to preserve and protect Perfect 10's rights." Complaint at Exhibit A.

According to Perfect 10, NMS responded by agreeing to cooperate in resolving the issue without litigation, repeatedly urged Perfect 10 not to file an action, and then in anticipation of a lawsuit by Perfect 10, NMS "raced to the courthouse" and filed this declaratory judgment action in the Southern District of Florida. However, NMS claims that it did not file this action in anticipation of litigation. In fact, NMS claims, there was no indication that Perfect 10's letter was anything more than a threat. NMS denies duping Perfect 10 into sitting on its rights and claims that the declaratory judgment action was filed "so that Perfect 10 could not hold vague threats over the heads of NMS and its clients indefinitely." Plaintiff's Response at 7. NMS filed this Complaint on April 25, 2002.[1]

On May 7, 2002, Perfect 10 filed a complaint in the Central District of California against NMS and nine other defendants alleging copyright infringement, trademark infringement, trademark disparagement, wrongful use of a registered mark, violation of the right of publicity, unfair competition, false and misleading advertising, and RICO violations. Perfect 10 alleges that the conduct of additional defendants in the California action, who are not parties in the Florida action, provides the basis for secondary liability against NMS. Plaintiff NMS'

---

[1] Interestingly, on April 24, 2002, U.S. District Court Judge L.G. Baird from the Central District of California issued an Order granting Perfect 10 a preliminary injunction in a case that involves essentially the same facts and claims as those present in this case. See Perfect 10, Inc. v. Cybernet Ventures, Inc. et al., U.S. District Court for the Central District of California Case No. 01-2595-CIV-LGB.

Complaint filed here in the Southern District of Florida in effect seeks declaratory judgment as to the claims brought against them in the California case.

On June 25, 2002, the District Court for the Central District of California determined that the California action filed by Perfect 10, Inc. against Net Management Services is related to cases already pending in the Central District before Judge L.G. Baird, and transferred the NMS case to Judge Baird for all further proceedings. The reasons given for the transfer, as indicated on the Transfer Order, were that the cases (1) appear to arise from the same or substantially identical transactions, happenings or events; (2) call for determination of the same or substantially identical questions of law; and (3) may entail unnecessary duplication of labor if heard by different judges. Defendant's Supplemental Request for Judicial Notice at Exhibit 2.

## II. DISCUSSION

"It is well settled that the federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction." Tempco Electric Heater Corp. v. Omega Engineering, Inc., 819 F.2d 746, 747 (7th Cir. 1987)(citing Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942). "In its discretion, a district court may decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." Ven-Fuel, Inc. v. Dept. of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982).

The "first-filed" rule holds that when parties have instituted competing or parallel litigation in different federal courts, the court initially having jurisdiction should hear the case. Supreme International Corp. v. Anheuser Busch, Inc., 972 F.Supp. 604, 606 (S.D. Fla. 1997); see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982). In general, the first case filed should be the one to proceed, or in the alternative, the judge before whom the first case is assigned should decide whether the first case should be the one to proceed.

3

In this matter, the "first-filed" case is NMS' declaratory judgment action filed in Florida, and this Court must decide whether this case should proceed in Florida, be transferred to California for consolidation with the pending cases there, or be dismissed altogether.

A federal court may abandon the "first-filed" rule, however, where compelling circumstances exist, and the matter is one of discretion for the trial court. Supreme, 972 F.Supp. at 606; Tempco, 819 F.2d at 749-50; Jasper Corp. v. Nat. Union Fire Ins. Co. of Pittsburgh, PA, 1999 WL 7818088 *5 (M.D. Fla. 1999). "Among the compelling circumstances that may justify departing from the rule are instances where one party, on notice of a potential lawsuit, files a declaratory judgment action in its home forum." Supreme, 972 F.Supp. at 606. This is called the anticipatory suit exception. Upon careful review of the motion, response, reply and particularly numerous affidavits and exhibits filed by both parties, the Court finds that NMS filed this declaratory judgment action in anticipation of Perfect 10's infringement action in California.

After sending its cease and desist letter, Perfect 10, relying on NMS' representations that it desired to settle the case amicably and without litigation, delayed in filing an infringement action against NMS. Then, fearing an infringement action in the Central District of California, where Perfect 10 has received favorable rulings in a similar case, NMS filed a declaratory judgment action in the Southern District of Florida. Perfect 10 then promptly filed its infringement action in California twelve days later. "Where a party is prepared to file a lawsuit, but first desires to attempt settlement discussions, that party should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit." Ontel Products, Inc. v. Project Strategies Corp., 899 F.Supp. 1144, 1150 (S.D.N.Y. 1995).

Defendants Perfect 10 have correctly pointed out that two compelling circumstances wherein a court may depart from the "first-filed" rule exist in this case. First, the Florida action

4

is a declaratory judgment, and second, the Florida action was filed in anticipation of litigation. See Tempco, 819 F.2d at 749-50. The Court further finds that Perfect 10 has shown a balance of convenience in favor of the California forum. Jasper, 1999 WL 7818088 *5 (citing Allstate Ins. Co. v. Clohessy, 9 F.Supp.2d 1314, 1315-16 (M.D. Fla. 1998)); see also Plating Resources, Inc. v. UTI Corp., 47 F.Supp.2d 899, 905 (N.D. Ohio 1999). Specifically, the Court concludes that judicial economy would best be served by trying the case in the Central District of California for the following reasons: (1) the infringement suit can more fully adjudicate the dispute between the parties because the California action includes additional material defendants not party to the Florida action, whose conduct may be an additional basis of liability against NMS; (2) the California suit seeks broader relief than that sought in the Florida declaratory judgment action; and most importantly, (3) the Central District of California has determined that Perfect 10's action against NMS is related to two other actions pending before Judge Baird in that district, and has transferred the case to Judge Baird because she is already familiar with the legal and factual issues of the case --- thus, the California Court is more familiar with the law applicable to this action. See Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (2d Cir. 1978). Accordingly, the Court finds that "consideration of judicial and litigant economy, and the just effective disposition of [the] disputes" requires transfer of this action to the Central District of California. Jasper, 1999 WL 7818088 *5; Clohessy, 9 F.Supp.2d at 1316; Serco Serv. Co. v. Kelley Co., Inc., 51 F.3d 1037, 1039 (Fed. Cir. 1995).

Under 28 U.S.C. § 1404(a), a court may transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice. In determining whether to transfer a case to another venue, courts generally rely on a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through

5

compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system. See Gould v. National Life Ins. Co., 990 F. Supp. 1354, 1357-58 (M.D. Ala.1998).

First, NMS could have brought this case in the Central District of California. Jurisdiction is based on 28 U.S.C. § 1331, in particular, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and seeking a declaration of rights under the Copyright Act and the Lanham Act. The venue statute provides in pertinent part that a civil action may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is not a district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Here, the only defendant in the NMS' declaratory judgment action is Perfect 10, and Perfect 10 resides in California. In addition, there are strong arguments that a substantial part of the events in this case occurred in both California and Florida.

Second, the Court finds that the District Court in California likely has personal jurisdiction over Plaintiff NMS. NMS manages a network of internet websites. These adult entertainment websites are "interactive" as opposed to "passive" because they offer images in exchange for payment. See Cybersell, Inc. v. Cybersell, Inc., 130 F3d 414, 418-20 (9th Cir. 1997). In other words, NMS operates to transact commercial activity internationally through the sale of adult entertainment content over the internet via the websites it manages. Therefore, this Court believes it is more likely than not that Plaintiff NMS has sufficient minimum contacts with California that maintenance of the suit would not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945); Cybersell, 130 F.3d at 418-20; Stomp, Inc. v. Neato, LLC, 61 F.Supp.2d 1074, 1077-81

6

(C.D. Cal. 1999).[2]

Third, looking at the factors in determining whether to transfer a case to another venue, the Court finds that although NMS' business operates out of Florida, it appears that many of the documents, witnesses, and other defendants, necessary for the full adjudication of this case are located in California. More importantly, the other pending similar cases in California, including Perfect 10's infringement action, and Judge Baird's familiarity with the facts and law associated with these cases, would make litigation of this action in California a more efficient use of judicial resources, and such transfer would prevent conflicting rulings in different courts on essentially the same issues.[3] See Jasper, 1999 WL 781808 *6.

Accordingly, the Court has considered the relevant factors and the affidavits in support of and in opposition to the motion to dismiss, stay or transfer, and finds that the present action should be transferred to California. Although the Court recognizes that NMS may be inconvenienced by litigating this case in California, Perfect 10 has provided compelling reasons why the case should be transferred there. Litigation such as this, parallel infringement actions filed in different federal courts, is extremely time consuming and wasteful. Tempco, 819 F.2d at 748. It is irrelevant which party bears the expense and inconvenience of litigating in a distant forum --- someone must. Id. Although this Court is inclined to dismiss this declaratory judgment altogether, the Court is without sufficient information to ensure that Perfect 10's infringement case in California will procedurally survive for a substantive adjudication on the

---

[2] This Court declines to decide the issue of California's personal jurisdiction over Plaintiff NMS --- that decision is more properly left to the Court in the Central District of California. See Cybersell, 130 F.3d at 416.

[3] The presence of other, namely California, defendants in Perfect 10's infringement suit, who are very likely necessary to a full adjudication of the issues in the declaratory judgment action as well, is another compelling reason for transfer.

7

merits and allow a determination of NMS' rights.  Therefore, in order to preserve the rights of

NMS, the Court will transfer this case to California for consolidation, rather than dismissing it

entirely.

### III.  CONCLUSION

For the reasons articulated above, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Perfect 10, Inc.'s Motion to Dismiss [11-1] is hereby **DENIED**

**WITHOUT PREJUDICE.**

2. Defendant Perfect 10, Inc.'s Motion to Transfer [11-2] is hereby **GRANTED.**

3. The Clerk is directed to transfer the above styled case to the District Court for the

Central District of California, Case No. CV-02-3735 LGB (Shx).

4. Defendant Perfect 10, Inc.'s Motion to Stay [11-3] is **DENIED AS MOOT.**

5. Defendant's Motion for Hearing and Oral Argument [DE 14] is **DENIED AS MOOT.**

6. All other pending motions are denied as moot, and the Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida,

this _____ day of October, 2002

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Sean R. Santini, Esq.
Jeffrey M Mausner, Esq.
Brian K. Condon, Esq.
Jay M. Spillane, Esq.
Lee A. Weintraub, Esq.